IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

Robin R. Lutes,
        Debtor(s).

Robin R. Lutes,
        Movant(s),
vs.
Robin R. Lutes,
        Respondent(s).

CASE NO. 23-20120-CMB

Chapter 13

Related to Doc. 51

Hearing:  8/6/2026 at 02:30 PM

CHAPTER 13 TRUSTEE'S RESPONSE TO
EMERGENCY MOTION FOR STATUS CONFERENCE AND OBJECTION TO
UNAPPROVED FEES

AND NOW, comes Ronda J. Winnecour, Chapter 13 Trustee, and files the within

Response to Debtor's Emergency Motion for Status Conference and Objection to

Unapproved Fees, and in support thereof avers the following:

1.      It is admitted that Debtor's original plan dated February 17, 2023,

proposed a monthly plan payment of $2,200 for 36 months, which at that time would

have resulted in a Plan Base of $79,200.

2.      The Plan Base, as that term is used by the Trustee, reflects the total

dollar amount to be paid into the plan based on orders confirming or modifying the

plan.  In the simplest case, the Plan Base is the monthly plan payment multiplied by

the length of the plan.  However, a change in the monthly plan payment is required in

many if not most cases. With each change in the monthly plan payment, the Plan Base

is recalculated to be the amount actually paid into the plan before plan payment

change _plus_ the new monthly plan payment times the remaining plan term.

3.      In this case, Debtor's plan payment was increased on two (2) occasions.

The order entered January 10, 2025, at doc. 33 confirming the amended plan dated

November 12, 2024, increased the plan payment to $2,263 beginning with the

payment due in January 2025.[1]   The order entered October 20, 2025, at doc. 46 confirming the amended plan dated August 29, 2025, increased the plan payment to $2,295 beginning November 2025.[2]   The changes to the plan payment have resulted in the increase in the Plan Base to the current amount, $86,655.

4.   It is denied that Trustee's payments on the mortgage claim are not current.   In fact, with Trustee's May distribution, ongoing post-petition payments are current.   Moreover, Trustee has paid the prepetition mortgage arrears in full, the secured vehicle loan in full, and both the secured and priority tax claims in full. Trustee pays creditors according to the plan with funds that are available.   If full plan payments are not received on the dates due, it becomes necessary to catch up payments in the remaining months of the plan.

5.   To the extent that Debtor has alleged that Trustee has increased the percentage dividend to be paid to unsecured creditors, that allegation is denied.   In Debtor's original plan, and in the two subsequently filed amended plans, Debtor has proposed to pay $5,105 to unsecured creditors, representing approximately 2% of the scheduled unsecured claims totaling $226,024.   In fact, the timely filed unsecured claims in this case total $121,769.   For the purposes of plan calculations, Trustee has merely adjusted its records to reflect that the proposed amount to be distributed to unsecured creditors represents 4.192% of the allowed unsecured claims. Notwithstanding the foregoing explanation, Trustee notes that the plain language in the plan provides that the amounts and percentages to be paid to unsecured creditors

---

[1] The plan was amended to address the secured mortgage claim of Rocket Mortgage, LLC, Claim No. 8 and subsequent payment change notices.

[2] The plan was amended to resolve the Trustee's Certificate of Default filed August 7, 2025, at doc. 41.

represent *estimates*, and that the amounts and percentages can, and often do, change

during the course of the plan.

WHEREFORE, so states the Chapter 13 Trustee.


RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE

Date: May 29, 2026

By: /s/ James C. Warmbrodt
James C. Warmbrodt, PA I.D. 42524
Attorney for Chapter 13 Trustee
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566, x3124
jwarmbrodt@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                              CASE NO. 23-20120-CMB

Robin R. Lutes,                                     Chapter 13
        Debtor(s).
                                                    Related to Doc. 51
Robin R. Lutes,
        Movant(s),                                  Hearing:  8/6/2026 at 02:30 PM

vs.
Robin R. Lutes,
        Respondent(s).

CERTIFICATE OF SERVICE

I, the undersigned, certify that, in addition to NEF service on parties having entered their appearance in this case and on the U.S. Trustee (pursuant to Bankruptcy Rule 5005(b)(1)), I served or caused to be served on May 29, 2026, the foregoing document upon each of the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Robin R. Lutes
519 Greensburg Pike
West Newton, PA  15089

Lawrence W. Willis, Esquire
Willis & Associates
201 Penn Center Boulevard, Suite 310
Pittsburgh, PA  15235

                                /s/Renee Ward
                                Administrative Assistant
                                Office of the Chapter 13 Trustee
                                US Steel Tower – Suite 3250
                                600 Grant Street
                                Pittsburgh, PA  15219
                                (412) 471-5566
                                cmecf@chapter13trusteewdpa.com